IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASER LEWIS, | No. C 07-5614 WHA (PR) |
| Plaintiff, | **DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| MARY SWIEGHEIT, Appeals Coordinator, Solano State Prison, | |
| Defendant. | |

Plaintiff, an inmate presently housed at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff's statement of his claim reads as follows: "I found out the law was errored and I was not released from custody but charge erron[e]ously, then found paper work faulty, then hold placed again without control[] number. Abstract. [C]omputer error. [P]ut in prison. [N]ot released."

As to relief, he says he "want[s] the copy of the paperwork in text. And it noted that the Defendant not on parole as stated in record. Appeal record stated. CSP-50L-04-01302 (IAB.#) Case no. #0401568."

The above quotations are as plaintiff wrote them, except where indicated.

It simply is not possible to tell what plaintiff contends was done that violated his constitutional rights, nor what relief he seeks. He may be trying to contend that he was wrongly was held in custody, perhaps at Solano State Prison, but even if that guess is correct it is not clear why the defendant, the appeals coordinator, would be responsible. It also is not clear

2

whether plaintiff's present incarceration is related to his claim. Plaintiff must allege the facts of what happened that he contends violated his rights, who he thinks was responsible, and explain what relief he wants in comprehensible terms.

If plaintiff is contending that his constitutional rights were violated in a way which would have an impact on the length of his present incarceration – that is, if he wins he would be entitled to be released or to a shorter period of incarceration – he probably cannot bring the claim in a civil rights case like this one unless he first succeeds via habeas corpus, state or federal. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). If the events giving rise to his complaint have had no effect on the length of his present incarceration, he may be able to proceed in a civil rights case, but if those events occurred at Solano State Prison and no defendant is to be found in this district, venue would not be proper here.[1]

The complaint will be dismissed with leave to amend to remedy the deficiencies set out above.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

---

[1] Solano State Prison is in the venue of the United States District Court for the Eastern District of California, not this one.

3

1  pursuant to Federal Rule of Civil Procedure 41(b).

2  **IT IS SO ORDERED.**

4  Dated: December   14  , 2007.

       WILLIAM ALSUP
       UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\CR.07\LEWIS5614.DWLTA.wpd

4