IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASER LEWIS, | No. C 07-5614 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MARY SWIEGHIET; DANA C. CORNILIOUS; JUDITH MEDRANO; and TIMOTHY P. ROBERTS, | |
| Defendants. | |

This is a civil rights case filed pro se by a state prisoner. Because the complaint was incomprehensible, the Court dismissed it with leave to amend. Plaintiff has amended.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    HECK**

Although the amended complaint contains much that is incomprehensible, plaintiff's claim is, at bottom, that he was falsely arrested, possibly in the belief that he was on parole and had violated it, and "sent to prison with no charges and forced to stay." That is, his claim goes to the validity of his confinement.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

2

*Id.* at 2374 (footnote omitted). Any such claim may be dismissed sua sponte without prejudice. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

The Ninth Circuit has held that *Heck* generally bars claims challenging the validity of an arrest. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). And to whatever extent plaintiff's present incarceration relates to parole – although he claims he was not on parole, it appears the defendants thought he was – *Heck* also applies. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

A judgment in favor of the plaintiff here would implicate the validity of plaintiff's present incarceration, which has not already been invalidated; therefore, this complaint fails to state a cognizable claim under § 1983 and must be dismissed.

## CONCLUSION

For the foregoing reasons plaintiff's claims are **DISMISSED** without prejudice to reasserting them if a cause of action ever accrues. Because leave to proceed in forma pauperis ("IFP") has already been granted, plaintiff's new motion to proceed IFP (document number 8) is **DENIED** as moot. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February __25__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\HERNANDEZ853.DSM